UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| DAVID FRANCO | * | CIVIL ACTION NO. 5:17-CV-00871 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| MABE TRUCKING CO., INC. | * | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM OPINION**

On February 8, 2018, Plaintiff filed the instant Motion [doc. #46] seeking reconsideration of the order transferring this case from the Eastern District of Texas ("EDTX") to the Western District of Louisiana ("WDLA").[1] For reasons that follow, Plaintiff's Motion for reconsideration is **DENIED**.[2]

**Background**

On November 22, 2016, Plaintiff filed this action in the United States District Court of the EDTX. *See* Complaint, doc. #1. On February 10, 2017, Defendant filed a motion to dismiss for lack of personal jurisdiction and improper venue, or, alternatively, to transfer venue [doc. #4]. In his sur-reply to Defendant's motion [doc. #10], Plaintiff states the following:

> In the unlikely event that this Court determines it does not have jurisdiction over the defendant, Plaintiff would request the Court transfer the case to the Western

---

[1]Plaintiff's Motion contained an alternative request for the Court to allow him to voluntarily dismiss the case. *See* Motion, doc. #46. However, Plaintiff withdrew that motion in his Reply. *See* Reply, doc. #61, p. 7.

[2] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

> District of Louisiana in Shreveport, as the Middle District of North Carolina
> would be extremely inconvenient for all nonparty witnesses, including doctors in
> Texas and first responders in Louisiana.

Sur-Reply, doc. #10, pp. 2-3. At the hearing on Defendant's motion, Magistrate Judge Roy S. Payne stated that he would grant Defendant's request to transfer venue and inquired into Plaintiff's preference of new venue:

> Court: ….I would assume that your preferred course would be to transfer it to the Western District of Louisiana as opposed to dismissal.
>
> Mr. Ross: Yes, your Honor.

Transcript of Motion Hearing, June 13, 2017, doc. 49-1, p: 15, lines 8-11.

On June 13, 2017, Magistrate Judge Payne entered an order transferring the case to the WDLA [doc. #13]. In that order, Magistrate Judge Payne held as follows:

> Because the Court lacks personal jurisdiction over Mabe, and hence venue under § 1391(b)(1) is improper, the Court finds it suitable in the "interests of justice" to transfer the case to the Western District of Louisiana, the district where the accident occurred. See 28 U.S.C. § 1406(a). Defendant's Motion to Transfer Venue (Dkt. 4) is GRANTED.

Order, doc. #13, p. 2.

In his Motion for reconsideration, Plaintiff's argues that transferring his case to the WDLA, where the accident giving rise to his claims occurred, created an unintended and unjust result.[3] See Plaintiff's Motion, doc. #46, p. 2. Rather, Plaintiff argues, the court should have transferred the case to the Middle District of North Carolina ("MDNC") where Defendant

---

[3] Plaintiff's argument is based in 28 U.S.C. § 1406(a)'s requirement that a transfer of venue may only be ordered if "in the interest of justice." See Plaintiff's Memorandum, doc. # 46-1, p. 2. However,"[a] motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." LeClerc v. Webb, 419 F.3d 405, 412 n.13 (5th Cir. 2005). Accordingly, the undersigned determined it should consider the matter as if Plaintiff argued that reconsideration is necessary to prevent manifest injustice.

resides. *See id.* at p. 3. Plaintiff's argument relies on his concession, for the purpose of the Motion only, that his claims are time-barred in Louisiana by its one-year prescriptive period. *See id.* at p. 2. However, Plaintiff argues that he could pursue his claims in the MDNC, which would apply North Carolina's three-year prescriptive period. *See id.* at p. 3. In his Reply, Plaintiff also argues that the Court's transfer of this case to the WDLA should have been done pursuant to 28 U.S.C. 1631, and that, to the extent the Court transferred the case under 28 U.S.C. 1406(a) only, it did so in error. Defendant argues that Plaintiff's Motion is untimely; Plaintiff waived any argument that venue is improper in the WDLA; and transfer to the MDNC would be futile. *See* Defendant's Response, doc. #49.

## Law and Analysis

"The general practice of courts in our district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment." *Jones v. Herlin*, No. CIV.A. 12-1978, 2014 WL 3497831, at *1 (W.D. La. July 14, 2014). Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The three factors typically considered by district courts in evaluating motions filed under Rule 59(e) are: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

### A. *Reconsideration is Not a Means to Correct Poor Strategy Choices.*

A motion for reconsideration is not an appropriate remedy for correcting "negligence or erroneous strategy choices of a party's attorney or the party. . ." *Courtade v. Harrah's Operating*

3

*Co.*, No. CIV.A. 10-4036, 2011 WL 2446454, at *4 (E.D. La. June 15, 2011) (citing *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 409 (4th Cir.2010)). Here, Plaintiff actually advocated for the case to be transferred to the WDLA, rather than the MDNC. *See* Sur-Reply, doc. #10, pp. 2-3; Transcript of Motion Hearing, June 13, 2017, doc. 49-1, p: 15, lines 8-11. With the benefit of hindsight, Plaintiff regrets that decision. However, the undersigned concludes that it did not create manifest injustice for Magistrate Judge Payne to follow Plaintiff's preference for transfer to the WDLA, rather than the MDNC. Further, Plaintiff's buyer's remorse is not a proper basis to amend the Court's order transferring the case to the WDLA.

      **B.**      *Transferring to the MDNC Would be Futile and a Waste of Resources.*

Transferring this case to the MDNC would do little to revive Plaintiff's claims. Pursuant to N.C. General Statute § 1-21, "Where a cause of action arose outside of this State and is barred by the laws of the jurisdiction in which it arose, no action may be maintained in the courts of this State for the enforcement thereof, except where the cause of action originally accrued in favor of a resident of this State." N.C. Gen. Stat. Ann. § 1-21. The Supreme Court of North Carolina has interpreted that statute as "a limited borrowing statute, operating to bar the prosecution in this State of all claims barred Either in the state of their origin or in this State." *Little v. Stevens*, 267 N.C. 328, 334, 148 S.E.2d 201, 205 (1966). Accordingly, to the extent Plaintiff's claims are time-barred under Louisiana law, they could not be maintained in North Carolina.

      **C.**      *It is Immaterial Whether the Case was Transferred Under § 1406(a) or § 1631.*

Plaintiff argues in his Reply [doc. #61] that Magistrate Judge Payne was obliged to transfer his case under 28 U.S.C. § 1631, rather than 28 U.S.C. § 1406(a). In the subject order, Magistrate Judge Payne finds that the EDTX lacks personal jurisdiction over Defendant and that it was "in the 'interests of justice' to transfer the case to the [WDLA]" Order, doc. #13, p. 2.

4

Based on these findings, Plaintiff argues that § 1631 mandates transfer of the case to a court where the action could have been brought. Plaintiff suggests this distinction is material because § 1631 explicitly provides that the case proceeds as if it had been filed in transferee court on the date it was filed in the transferor court. *See generally* 28 U.S.C.A. § 1631.

The undersigned concludes that whether this case was transferred to the WDLA under § 1631 or § 1406(a) is immaterial. By Supreme Court precedent, filing of a case in an improper venue preserves a plaintiff's claims such that, where a case is transferred pursuant to § 1406 following the expiration of a statue of limitations, the plaintiff's claims would not be time barred. *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430, 85 S. Ct. 1050, 1055–56, 13 L. Ed. 2d 941 (1965); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S. Ct. 913, 916, 8 L. Ed. 2d 39 (1962). Accordingly, Plaintiff's claim will not become time barred solely as a result of the transfer of the case to the WDLA, whether the transfer was made under § 1631 or § 1406(a).

## Conclusion

For the above-stated reasons, Plaintiff has not made the requisite showing with respect to his Motion for Reconsideration [doc. #46].

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for reconsideration is **DENIED.**

In Chambers, at Monroe, Louisiana, this 8th day of March 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE