# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| DAVID FRANCO | CIVIL ACTION NO. 17-871 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MABE TRUCKING CO., INC. | MAG. JUDGE KAREN L. HAYES |

## RULING

Before the Court is a Motion for Summary Judgment [Doc. No. 43] filed by Defendant Mabe Trucking Co, Inc. Plaintiff David Franco opposes the motion. [Doc. No. 45]. For reasons assigned below, the motion is DENIED.

## I. FACTS AND PROCEDURAL HISTORY

This controversy arises out of a November 24, 2015 vehicular accident in Caddo Parish, Louisiana. On November 22, 2016, Plaintiff filed suit in the United States District Court for the Eastern District of Texas. [Doc. No. 1]. Plaintiff did not serve Defendant until January 20, 2017.

On February 10, 2017, Defendant moved to either dismiss or transfer the proceeding, arguing that the Eastern District of Texas lacked personal jurisdiction and was an improper venue. [Doc. No. 4]. On June 13, 2017, Judge Roy S. Payne, a United States Magistrate Judge for the Eastern District of Texas, granted Defendant's motion and transferred the proceeding to this Court. [Doc. No. 13]. Judge Payne opined: "Because the Court lacks personal jurisdiction over [Defendant], and hence venue under § 1391(b)(1) is improper, the Court finds it suitable in the 'interests of justice' to transfer the case to the Western District of Louisiana, the district where the accident occurred. *See* 28 U.S.C. § 1406(a)." *Id.* at 2.

Defendant filed the instant Motion for Summary Judgment on January 23, 2018, moving to dismiss "because Plaintiff's lawsuit was filed in an improper venue, and Plaintiff failed to serve [Defendant] until well after the one-year prescriptive period ran . . . ." [Doc. No. 43, p. 1]. Plaintiff responded to the motion on February 8, 2018. [Doc. No. 45]. Defendant replied on February 21, 2018. [Doc. No. 50]. Plaintiff filed a surresponse on March 2, 2018 [Doc. No. 53], and Defendant filed a surreply on March 6, 2018 [Doc. No. 58].

## II.    LAW AND ANALYSIS

### A.    Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

 "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247).  "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).  Thereafter, if the non-movant is unable to identify anything in

the record to support its claim, summary judgment is appropriate. *Id*. "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).[1]

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "*significant* probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

---

[1] However, Rule 56 does not require a court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoted source omitted).

**B.     Whether Plaintiff's Claims are Prescribed**

Defendant argues that Plaintiff's claims are prescribed under LA. CIV. CODE art. 3492, which provides: "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." Plaintiff does not dispute that the prescriptive period commenced on November 24, 2015, the day of the alleged vehicular accident.

Defendant argues further that, because Plaintiff commenced this action in an improper venue and failed to serve Defendant before the one-year prescriptive period elapsed, Plaintiff failed to interrupt prescription. Under LA. CIV. CODE art. 3462: "Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period."

Plaintiff does not dispute that he commenced the action in an improper venue and that he failed to serve Defendant within the one-year prescriptive period. Plaintiff argues, however, that North Carolina's[2] three-year statute of limitation, rather than LA. CIV. CODE art. 3492, applies. [Doc. No. 45, p. 2]. Plaintiff cites LA. CIV. CODE art. 3549(B)(1) (emphasis added), which provides:

> B. When the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies, *except* as specified below:
>
> (1) If the action is barred under the law of this state, the action shall be dismissed *unless it would not be barred in the state whose law would be applicable to the merits* and maintenance of the action in this state is warranted by compelling

---

[2] Defendant is domiciled in North Carolina.

4

considerations of remedial justice.

*Id.*

Here, even assuming that the substantive law of North Carolina applies to the merits of this action, North Carolina law borrows Louisiana's one-year prescriptive period which, in turn, bars Plaintiff's claims. As Magistrate Judge Hayes opined when ruling on Plaintiff's "Motion to Reconsider Venue Transfer":

> Pursuant to N.C. General Statute § 1-21, "Where a cause of action arose outside of this State and is barred by the laws of the jurisdiction in which it arose, no action may be maintained in the courts of this State for the enforcement thereof, except where the cause of action originally accrued in favor of a resident of this State." N.C. Gen. Stat. Ann. § 1-21. The Supreme Court of North Carolina has interpreted that statute as "a limited borrowing statute, operating to bar the prosecution in this State of all claims barred either in the state of their origin or in this State." *Little v. Stevens*, 267 N.C. 328, 334, 148 S.E.2d 201, 205 (1966). Accordingly, to the extent Plaintiff's claims are time-barred under Louisiana law, they could not be maintained in North Carolina.

[Doc. No. 62, p. 4].

Next, Plaintiff argues that 28 U.S.C. § 1631 renders his claims timely. [Doc. No. 53]. Section 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

The Court agrees. While Magistrate Judge Payne did not mention Section 1631 when he transferred the proceeding to this Court, he did find a want of personal jurisdiction and that the

5

interests of justice[3] warranted the transfer.[4] [Doc. No. 13, p. 2]. Thus, Magistrate Judge Payne ordered a Section 1631 transfer in all but name.[5]

Defendant argues tersely that Section 1631 applies only to cases in which the transferor court lacks *subject matter* jurisdiction. [Doc. No. 58, p. 3]. Section 1631 applies when the transferor court finds a "want of jurisdiction." Because it does not specify whether "jurisdiction" means subject matter jurisdiction, personal jurisdiction, or both, federal courts are divided as to whether Section 1631 allows transfer only when subject matter jurisdiction is lacking in the transferor court or if it also allows transfer when personal jurisdiction is lacking.[6]

Although the Fifth Circuit has not reached the issue, it has opined that "it is not beyond the realm of possibility that Congress used 'jurisdiction' in section 1631 in a broad, general, nontechnical sense rather than in the more constricted, specific sense in which jurisdiction is

---

[3] *See Patterson v. Spellings*, 249 F. App'x 993, 998 (5th Cir. 2007) ("A transfer may be in the 'interest of justice' where the transferor court determines that it lacks jurisdiction, but dismissal of the action might cause the plaintiff's action to be barred by the statute of limitations when refiled in the proper forum.").

[4] While Magistrate Judge Payne transferred the case under 28 U.S.C. § 1406, Section 1406 and Section 1631 are not mutually exclusive. *See, e.g., Yardelle Inv. Mgmt., LLC v. Bank of N. Georgia*, 2010 WL 2179508, at *6 (N.D. Tex. May 28, 2010) ("The court, rather than dismiss for lack of personal jurisdiction or improper venue, hereby transfers this action . . . pursuant to 28 U.S.C. §§ 90(a)(2), 1406(a), and 1631."); *Wade v. Munoz*, 2017 WL 4978131, at *1 (W.D. La. Nov. 1, 2017); *Britton v. City of Dubuque*, 2015 WL 2384397, at *2 (W.D. Tex. May 18, 2015).

[5] *See In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (construing a district court's order transferring a case for lack of jurisdiction as a Section 1631 order: "While the district court did not clarify the provision by which it transferred this action, we have previously construed similar transfers as properly filed under 28 U.S.C. § 1631.").

[6] Compare *Adams v. Unione Mediterranea Di Sicurta*, 2001 WL 823733 (E.D. La. 2001) with *Santander Consumer USA, Inc. v. Shults Ford, Inc.*, 2011 WL 2601520, at *1 (N.D. Tex. June 30, 2011).

6

distinguished from venue." *Dornbusch v. C.I.R.*, 860 F.2d 611, 612 (5th Cir. 1988). "The legislative history of section 1631 is fully consistent with such a broad, nontechnical reading of section 1631." *Id.*; *c.f. Bentz v. Recile*, 778 F.2d 1026, 1027 (5th Cir. 1985) ("[S]ection 1631 may not allow such a transfer . . . ."). Finding Section 1631 clear and unambiguous, this Court agrees with the broader interpretation and concludes that the statute permits transfer of a case from a court lacking personal jurisdiction.

Next, Defendant argues that *Calhoun v. Ford*, 625 F.2d 576, 577 (5th Cir. 1980), requires the Court to disregard Section 1631 and apply only state law. [Doc. No. 58, p. 3]. *Calhoun*, however, simply recognized *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980), which held that state law controlled because there was no direct conflict between the federal rule at issue, Federal Rule of Civil Procedure 3,[7] and a state law regarding when the state statute of limitations tolled. *Calhoun*, 625 F.2d at 577. Here, like the federal rule in *Calhoun*, Section 1631 does not directly conflict with LA. CIV. CODE art. 3462 because Section 1631 "does not address itself to the question of when the prescriptive period is tolled." *See id*. Thus, the Court will apply Section 1631 and Article 3462.

Finally, Defendant argues that applying Section 1631 would "eviscerate Louisiana law" because "a plaintiff asserting a claim arising in Louisiana could file in any improper venue to take advantage of a beneficial forum at the expense of a defendant and refrain from serving the [d]efendant until after the prescription period ran." [Doc. No. 58, p. 4]. Presumably, Defendant refers to the latter portion of LA. CIV. CODE art. 3462, which provides, "If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant

---

[7] "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3.

7

served by process within the prescriptive period." Defendant's concern appears to be that this provision of Article 3462 will never bar a plaintiff's action, filed in an improper venue and served after the prescriptive period expired, because the plaintiff could always invoke Section 1631 and resuscitate her claims.

The Court does not share Defendant's concern. First, Section 1631 would not apply in a state court action commenced in an improper venue. Second, any federal court transferring a case under Section 1631 must find that transfer is "in the interest of justice." *See* 28 U.S.C. § 1631. If the transferor court does not find that the interest of justice favors transfer, Section 1631 would not apply. Third, as long as the plaintiff commences an action before the prescriptive period elapses, Section 1631 does not "eviscerate" Article 3462; rather, Section 1631 simply requires courts to apply the first portion of Article 3462, which delineates when prescription is interrupted if a plaintiff files an action in a court of competent jurisdiction and venue.

This proceeding illustrates the third scenario. Under Section 1631, this action shall proceed as if it had been filed in this Court on November 22, 2016, the date it was filed in the Eastern District of Texas. Proceeding under the legal fiction that Plaintiff commenced the action in this Court—a court of competent jurisdiction and venue—the first portion of Article 3462 applies: "Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue." LA. CIV. CODE art. 3462. Thus, Plaintiff interrupted prescription on November 22, 2016, two days before his claims prescribed. Accordingly, Defendant is not entitled to judgment as a matter of law.

### III. CONCLUSION

For the foregoing reasons, Defendant Mabe Trucking Co, Inc.'s Motion for Summary

8

Judgment [Doc. No. 43] is DENIED.

MONROE, LOUISIANA, this 19th day of March, 2018.

                                                       */s/ Robert G. James*
                                              **ROBERT G. JAMES**
                                              **UNITED STATES DISTRICT JUDGE**