UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DAVID FRANCO** | **CIVIL ACTION NO. 5:17-CV-00871** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MABE TRUCKING CO., INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court is the Motion for Partial Summary Judgment filed by Defendants Mabe Trucking Co., Inc. ("Mabe"), National Interstate Insurance Company ("NIIC"), and Richard Agee ("Agee") [Doc. No. 85]. Defendants move the Court for partial summary judgment, contending that Plaintiff David Franco ("Franco") cannot simultaneously pursue both (1) a negligence cause of action against Agee, for which Mabe will be vicariously liable if Agee is found liable; and (2) a direct negligence claim for Mabe's alleged negligent entrustment, hiring, and training. Franco has filed an opposition to the motion [Doc. No. 97]. Defendants have filed a reply to the opposition [Doc. No. 100].

For the following reasons, the Defendants' Motion for Partial Summary Judgment is GRANTED, and Franco's negligence claims against Mabe for allowing Agee to operate the vehicle, failing to train him, and failing to maintain the vehicle, are DISMISSED WITH PREJUDICE.

**I.    FACTS AND PROCEDURAL BACKGROUND**

This case arises out of a motor vehicle accident. On or about November 24, 2015, Franco's vehicle was involved in a collision with an 18-wheel truck owned by Mabe and being

driven by Agee on Interstate 20 in Louisiana shortly after crossing the border between Texas and Louisiana. On November 22, 2016, Franco filed suit against Mabe in the United States District Court for the Eastern District of Texas, Marshall Division, alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). On July 6, 2017, the suit was transferred to this Court. On May 3, 2018, Franco filed a Supplemental and Amended Complaint adding Agee and NIIC as defendants.

Franco alleges that the accident was caused by the negligent operation of the truck by Agee in pulling onto Interstate 20 directly in front of him. Franco further alleges that Agee was an employee of Mabe at the time of the accident, rendering Mabe liable for the negligence of Agee under the doctrine of *respondeat superior.* Additionally, Franco alleges that Mabe is liable for its own actions in negligently entrusting its vehicle to Agee, negligently hiring Agee, and negligently training Agee. Without admitting to liability, Mabe has stipulated that Agee was acting within the course and scope of his employment with Mabe at the time of the accident.

On August 1, 2018, the Defendants filed the instant Motion for Partial Summary Judgment. On November 1, 2018, Franco filed an Opposition. On November 13, 2018, the Defendants filed a Reply. The Court is now prepared to rule.

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Maintainability of Simultaneously Independent Causes of Action

In diversity cases such as this, federal courts must apply state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938). In Louisiana, the principle of vicarious liability provides employers are "answerable for the damage occasioned" by their employees when their employees are exercising the functions of their employment. LA. CIV. CODE ART. 2320. Vicarious liability in the employment context imposes liability upon the employer without regard to the employer's negligence or fault. *Sampay v. Morton Salt Co.*, 395 So.2d 326 (La. 1981). In such cases, the liability of the employer is derivative of the liability of the employee. *Narcise v. Illiinois Central Gulf Rail Co.*, 447 So.2d 1192 (La. 1983).

Defendants move the Court for partial summary judgment, contending that Franco, as a matter of law, cannot simultaneously maintain independent causes of action in tort against Agee for his actions on the date of the accident, and against Mabe for negligent entrustment, hiring, supervision, training and retention of Agee, where the Defendants have stipulated Agee was acting

3

within the course and scope of his employment at the time of the accident. Franco opposes the motion on the grounds that Defendants rely entirely on non-binding case law that misinterprets and misapplies Louisiana Supreme Court jurisprudence.

In support of their arguments for partial summary judgment, Defendants cite *Liberstat v. J&K Trucking, Inc.*, 00-192 (La. App. 3 Cir. 10/11/00), 772 So.2d 173, *writ denied*, 01-458 (La. 4/12/01), 789 So.2d 598, where the plaintiffs alleged negligence of a truck driver as well as the negligent hiring and training by his employer, also a defendant. The trial court did not instruct the jury regarding the negligent hiring and training causes of action but only instructed the jury as to the negligence cause of action of the driver. The Louisiana Third Circuit Court of Appeal noted this was "an accurate reflection of the law," in affirming the trial court. *Id.,* at 179. The employer, the Third Circuit noted, would be liable for the actions of its employee under the theory of *respondeat superior*. *Id*. If the employee breached a duty to the plaintiffs, then the employer is liable under *respondeat superior*. *Id*. If the employee did not breach a duty, no degree of negligence on the part of the employer for hiring or training the employee would make the employer liable. *Id*.

Additionally, Defendants cite *Dennis v. Collins*, No. 15-2410, 2016 WL 6637973 (W.D. La. November 9, 2016), where the Honorable S. Maurice Hicks, Jr., surveyed the available Louisiana jurisprudence on this issue and found the best synthesis of the state decisions into single rule statements to be as follows:

> A plaintiff *may* simultaneously maintain independent causes of action in tort against both an employee and an employer for the same incident when:
>
> (1) the plaintiff alleges both
>
>     (a)    an *intentional* tort by the employee and

4

(b) negligent hiring, training, and/or supervision by the employer; or

(2) the plaintiff alleges both

(a) negligence by the employee and

(b) negligent hiring, training, and/or supervision by the employer; and

(c) the employer does not stipulate that the employee acted in the course and scope of employment.

Conversely, a plaintiff *may not* simultaneously maintain independent causes of action in tort against both an employee and an employer for the same incident when the plaintiff alleges both

(a) negligence by the employee and

(b) negligent hiring, training, and/or supervision by the employer; and

(c) the employer stipulates that the employee acted in the course and scope of employment.

*Id*. at * 6-7 (citing *Griffin v. Kmart Corp*., 00-1334 (La. App. 5 Cir. 11/28/00), 776 So.2d 1226; *Roberts v. Benoit*, 91-0394 (La. 1991), 605 So.2d 1032; and *Libersat*, *supra*); *see also Wilcox v. Harco Internat'l Insurance*, No. 16-187, 2017 WL 2772088 (M.D. La. June 26, 2017) (citing *Dennis* with approval); *Wright v. National Interstate Ins. Co*., CV 16-16214, 2017 WL 5157537 (E.D. La. November 7, 2017) (same).

The facts of this case fall squarely within the last scenario set forth in *Dennis*, in that the plaintiff has alleged both negligence by the employee and negligent hiring, training, and/or supervision by the employer, and the employer has stipulated that the employee acted in the course and scope of employment. Therefore, Franco *may not* simultaneously maintain independent causes of action against both Agee and Mabe, according to *Dennis*.

5

Franco argues that the *Dennis* decision directly conflicts with controlling Louisiana law which recognizes two independent causes of action against the employee for his negligence and against the employer for negligence in hiring, training, and entrustment and that the two causes of action are not mutually exclusive when analyzed in the reverse. Franco asserts that Mabe's admission that its employee was in the course and scope of his duties when the wreck occurred does not absolve the company of its responsibility to the motoring public to properly hire, entrust, and train safe professional drivers. However, the cases cited by Franco involved intentional tort or are not on point to the issue presented in this case.

Additionally, Franco fails to defeat the sound legal reasoning of *Dennis*. Although Franco correctly points out that *Dennis* is not binding precedent, this Court is nonetheless persuaded by the rule and reasons pronounced therein. The *Dennis* court researched a wealth of Louisiana federal and state jurisprudence on this issue and held:

> If the trier of fact finds that he was negligent and that his negligence was a cause-in-fact and legal cause of Dennis's injuries, then Greyhound is liable for Collins' actions. If he was not negligent, then no amount of negligence on the part of Greyhound in training and supervising him could have been the cause-in-fact or legal cause of the collision and Dennis's injuries.

*Id*., at *8.

Franco has failed to show why the same conclusion is not mandated in the present case. Franco has offered no genuinely disputed material fact or legal argument in the present case to defeat Defendants' entitlement to summary judgment that Franco cannot simultaneously pursue both (1) a negligence cause of action against Agee, for which Mabe will be vicariously liable if Agee is found liable, and (2) a direct negligence claim for Mabe's alleged negligent entrustment,

hiring and training.

**III.    CONCLUSION**

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment [Doc. No. 85] is GRANTED. Franco's negligence claims against Mabe for allowing Agee to operate the vehicle, failing to train him, and failing to maintain the vehicle, are DISMISSED WITH PREJUDICE. Due to the principle of vicarious liability, Mabe will remain a defendant in this matter.

MONROE, LOUISIANA, this 20th day of November, 2018.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**