# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| DAVID FRANCO | CIVIL ACTION NO. 5:17-cv-00871 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MABE TRUCKING CO., INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

# R U L I N G

Pending before the Court is Plaintiff David Franco's ("Franco") Motion for Sanctions [Doc. No. 106]. Defendants Mabe Trucking Co., Inc. ("Mabe"), National Interstate Insurance Company ("NIIC"), and Richard Agee ("Agee") (collectively "Defendants") have filed an Opposition [Doc. No. 112]. Franco has filed a Reply [Doc. No. 113]. The issue is fully briefed, and the Court is prepared to rule.

This diversity action arises from an accident that occurred on November 24, 2015, on Interstate 20 in Caddo Parish, Louisiana. Mabe's tractor trailer, driven by Agee, was accelerating in the right-hand lane of Interstate 20 eastbound after being stopped on the shoulder for a brief period of time. Franco, also driving a tractor trailer in the right-hand lane, was behind Mabe's tractor trailer. Franco swerved into the left-hand lane to avoid colliding with the slower-moving Mabe tractor trailer, struck a FedEx tractor trailer, and then rear-ended the Mabe tractor trailer. Franco filed this suit against Defendants seeking damages for injuries he allegedly sustained.

Defendants questioned the veracity of Franco's alleged claims and damages. They hired The Info Agency, which provides surveillance nationwide, to surveil Franco for the purpose of developing their defense and for possible use at trial. The surveillance was done by Edward

Massey, a private investigator with The Info Agency, on July 31, 2018, the date of Franco's deposition in Shreveport, Louisiana.

In his motion for sanctions, Franco asserts that, although Massey was not licensed to perform private investigations services in Louisiana, he nevertheless surveilled Franco in Louisiana at the deposition and then followed Franco and his attorney back to the attorney's office, where he secretly filmed Franco and his attorney conferring outside the attorney's office building.

Franco contends that Defendants' counsel and Massey acted in direct violation of Louisiana R.S. 37:3520, which provides in pertinent part:

> A. It shall be unlawful for any person knowingly to commit any of the following acts:
>
> (1) Provide contract or private investigator service without possessing a valid license;
>
> (2) Employ an individual to perform the duties of a private investigator who is not the holder of a valid registration card…

Louisiana R.S. 37:3521(B) provides the penalty for a violation of the foregoing statute:

> Whoever willfully violates any provisions of this Chapter shall be fined not less than two thousand dollars nor more than ten thousand dollars, or imprisoned for not less than three months nor more than one year, or both.

Franco further contends that Defendants' counsel violated the attorney-client privilege and, further, acted in direct violation of the Louisiana Rules of Professional Conduct, Rule 8.4, which provides in pertinent part:

> It is professional misconduct for a lawyer to:
>
> . . .
>
> (b) Commit a criminal act especially one that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
>
> . . .

(d) Engage in conduct that is prejudicial to the administration of justice . . .

Franco requests the Court impose sanctions against all Defendants, their counsel, and their private investigator, Massey, because "[i]n other words, Mr. Strange hired a Texas private investigator, who was not licensed in Louisiana, to perform private investigation surveillance on the one day Mr. Strange knew that Mr. Franco would be in the State of Louisiana and the one day he absolutely knew that Franco would be meeting with his attorney." [Doc. No. 106-1, p. 2].

Defendants respond that, considering the nature of the accident which they allege was caused solely by Franco, the questionable nature of Franco's alleged injuries, as well as the relationship between Franco's East Texas medical providers and his East Texas lawyers, they were justified in questioning the veracity of Franco's alleged claims and damages. They assert that it is common practice to surveil plaintiffs with questionable claims, and, additionally, that the video of Franco and one of his lawyers chatting in public contains no audio. They contend that Franco filed this motion in an attempt to chill the discovery process, to prohibit the use of relevant information at the trial in this mater, and to bully Defendants.

Defendants further contend that the Louisiana State Board of Private Investigator Examiners ("LSBPIE") is tasked with creating rules and regulations necessary to regulate the private investigator business in the State of Louisiana and that enforcement of the LSBPIE rules and statutes is solely a function of the LSBPIE and/or the attorney general of Louisiana. LA. R.S. 37:3505, 37:3522.

Even assuming, arguendo, that these statutes could be enforced through a motion for sanctions, Defendants argue that they require a *knowing* violation, in other words, specific criminal intent. They assert no such state of mind existed in this instance because they provided The Info Agency with Franco's home address in Kilgore, Texas, and the location of his deposition in

3

Louisiana, and asked it to conduct surveillance, and that was the extent of their assignment and correspondence to The Info Agency. The surveillance was conducted by and was at the discretion of The Info Agency. Mr. Massey apparently believes he is not required to be licensed by the LSBPIE to cross into Louisiana from Texas and continue surveillance after starting surveillance in Texas. In any case, Defendants and their counsel contend they did not knowingly violate the subject statute as they did nothing other than request surveillance be done by a company offering surveillance nationwide.

Finally, Defendants argue they did not violate the attorney-client privilege by filming Franco and his attorney talking in an open parking lot because the filming occurred in a public place, and no audio was recorded.

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. [ ] That authority includes the 'ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017). However, the Fifth Circuit has confined sanctions under the district court's inherent power to instances of bad faith or willful abuse of the judicial process. *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990); *Breazeale v. Smith*, 857 F.2d 258, 261 (5th Cir. 1988); *Matter of Thalheim*, 853 F.2d 383, 389 (5th Cir. 1988)

This Court finds that, under the facts and circumstances of this particular case, sanctions are not warranted. Franco has not shown that Defendants or their counsel knowingly violated the statute at issue, acted in bad faith, or willfully abused the judicial process. Franco has likewise failed to show a violation of the Louisiana Rules of Professional Conduct. With regard to the attorney-client privilege, that privilege protects *communications* made in confidence by a client to

4

his lawyer for the purpose of obtaining legal advice. *Hodges, Grant & Kaufmann v. United States Gov't, Dep't of Treasury, IRS*, 425 U.S. 391 (1976) (emphasis added). This Court agrees with Defendants that what is protected by the privilege is the communication, not the fact an attorney is speaking to his client.

Accordingly, Franco's Motion for Sanctions [Doc. No. 106] is DENIED.

Monroe, Louisiana, this the 3rd day of January, 2019.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**