UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| DAVID FRANCO | CIVIL ACTION NO. 5:17-CV-00871 |
|---|---|
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MABE TRUCKING CO., INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is the Motion for Partial Summary Judgment filed by Defendants Mabe Trucking Co., Inc. ("Mabe"), National Interstate Insurance Company ("NIIC"), and Richard Agee ("Agee") [Doc. No. 109]. Defendants move the Court for partial summary judgment (1) that Louisiana law does not allow Plaintiff David Franco ("Franco") to recover exemplary damages; (2) that the doctrine of negligence *per se* does not apply in Louisiana; and (3) that Franco is solely and wholly liable for this accident under the last clear chance doctrine. Franco has filed an opposition to the motion [Doc. No. 114]. Defendants have filed a reply to the opposition [Doc. No. 120].

For the following reasons, the Defendants' Motion for Partial Summary Judgment is GRANTED IN PART and DENIED IN PART.

## I. FACTS AND PROCEDURAL BACKGROUND

This case arises out of a motor vehicle accident. On or about November 24, 2015, Franco's vehicle was involved in a collision with an 18-wheel truck owned by Mabe and being driven by Agee on Interstate 20 in Louisiana shortly after crossing the border between Texas and Louisiana. On November 22, 2016, Franco filed suit against Mabe in the United States District

Court for the Eastern District of Texas, Marshall Division, alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). On July 6, 2017, the suit was transferred to this Court. On May 3, 2018, Franco filed a Supplemental and Amended Complaint adding Agee and NIIC as defendants.

Franco alleges that the accident was caused by the negligent operation of the truck by Agee in pulling onto Interstate 20 directly in front of him. Franco further alleges that Agee was an employee of Mabe at the time of the accident, rendering Mabe liable for the negligence of Agee under the doctrine of *respondeat superior.* The Court granted Defendants' prior motion for summary judgment and dismissed with prejudice Franco's direct negligence claims against Mabe for allowing Agee to operate the vehicle, failing to train him, and failing to maintain the vehicle [Doc. Nos. 101, 102]. Due to the principle of vicarious liability, Mabe remains a defendant in this matter.

The parties have fully briefed the pending motion and the Court is now prepared to rule.

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving

party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Exemplary, or Punitive, Damages

Franco alleged in his Complaint that he is entitled to exemplary, or punitive, damages. Defendants move for summary judgment dismissing Franco's claim for exemplary damages, on the basis that Louisiana law does not provide for exemplary damages under the facts of this case.

In diversity cases such as this, federal courts must apply state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938). In Louisiana, exemplary damages are awarded only in certain well-defined cases. In his opposition, Franco states that he plead his cause of action for exemplary damages when this case was filed in Texas, and, that he agrees that Louisiana law does not support such a claim under the facts of this case. Therefore, Defendants are entitled to judgment as a matter of law dismissing with prejudice Franco's claim for exemplary damages.

### C. Negligence *Per Se*

In his Complaint, Franco asserts that Defendant Agee's alleged violations of certain sections of Title 32 in the Louisiana Revised Statutes constitute negligence *per se*. Specifically, Franco alleges in paragraph 11 of his Complaint:

> "11.
>
> In addition, Defendants' actions also constitute negligence *per se*. The defendants violated the following articles of Title 32 in

the Louisiana Laws Revised Statutes:

a. Section 32.58, concerning careless operation of a vehicle. Any person operating a vehicle on a public road must drive in a careful and prudent manner.

b. Section 32.64, concerning speed on the highway. No persons shall drive a vehicle on a highway at such a slow speed as to impede the normal and reasonable movement of traffic.

c. Section 32.79, concerning driving on a laned roadway. A vehicle shall not be moved from a single lane until the driver has first ascertained that such movement can be made with safety.

d. Section 32.81, concerning a driver's proximity to vehicles ahead. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.

e. Section 32:124, concerning vehicles entering a highway. A driver entering a highway shall yield the right of way to all approaching vehicles so close as to constitute immediate hazard."

[Doc. No. 1, pp. 3-4]

Defendants contend that Franco cannot establish the alleged negligence of Agee solely by arguing Agee violated Louisiana motor vehicle traffic laws because Louisiana law does not recognize violation of a statute as negligence *per se.*

The Court agrees with Defendants. The violation of a statute or regulation does not automatically, in and of itself, impose civil liability as Louisiana has no negligence *per se* doctrine. Civil responsibility is imposed only if the act in violation of the statute is the legal cause of damage to another. *Faucheaux v. Terrebone Consol. Gov't.*, 615 So. 2d 289, 292-93 (La. 1993). Not every violation of a statutory duty amounts to negligence. Violation of a statute is just one of the factors considered in determining fault. A party will be found negligent only if its actions were a

4

cause-in-fact of the accident and the duty imposed by the statute contemplated protection against the particular harm involved. *Francis v. Crawford*, 732 So.2d 152, 156 (La. App. 2 Cir. 5/5/99).

Therefore, Defendants are entitled to summary judgment holding that the doctrine of negligence *per se* does not apply in Louisiana. This Ruling is limited to the issue of whether violation of a statute is negligence *per se*. This Ruling does not address fault in this accident.

**D.     Last Clear Chance**

Defendants contend that they are entitled to judgment as a matter of law holding that Franco was the sole cause of this accident because he had the "last clear chance" to avoid the accident. They argue this accident never would have occurred but for Franco's complete failure to recognize the Mabe vehicle was accelerating in the right-hand lane of a two-lane highway, but traveling slower than Franco. They conclude that the only person who could have avoided this accident was Franco.

Franco responds that Defendants' last clear chance argument relies entirely upon overruled and antiquated case law and that the doctrine has been replaced by Louisiana's comparative fault scheme.

Prior to the adoption of comparative fault in Louisiana, the doctrine of last clear chance was created to escape the harsh effects of the contributory negligence defense which, in its strict application, operated as an absolute bar to a plaintiff's recovery. *See Baumgartner v. State Farm Mut. Auto. Ins. Co.*, 356 So.2d 400, 403 (La. 1978). The Louisiana Supreme Court in *Watson v State Farm Fire and Cas. Ins. Co.*, 469 So. 2d 967 (La. 1985), explained the appropriate considerations for a comparative fault analysis:

> In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether

5

> the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, *as evidenced by concepts such as last clear chance*, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.

*Id.* at 974 (emphasis added). Thus, the principles considered in the application of the last clear chance doctrine are subsumed by the comparative fault analysis. The application of the last clear chance doctrine is not, therefore, a separate consideration for the trier of fact. *Edwards v. LCR-M Corp., Inc.*, 936 So. 2d 233, 242 (La. App. 2 Cir. 7/12/06).

The Court, therefore, denies Defendants' motion for judgment that, as a matter of law, Franco is wholly liable under the last clear chance doctrine. Whether or not Franco had the last clear chance to avoid the accident is merely one of the factors to be considered in assessing fault under a comparative fault analysis. This Ruling is limited to the issue of whether the last clear chance doctrine, in and of itself, bars Franco's recovery. This Ruling does not address legal fault in this accident.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment [Doc. No. 109] is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as Defendants contend that Louisiana law does not allow Franco to recover exemplary damages and that the doctrine of negligence *per se* does not apply in Louisiana. The motion is DENIED insofar as Defendants contend that Franco's remaining claims should be dismissed under the last clear chance doctrine. Franco's claims for exemplary damages and any claims asserted by Franco

based solely on negligence *per se* are DISMISSED WITH PREJUDICE

MONROE, LOUISIANA, this 9th day of January, 2019.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE