UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| DAVID FRANCO | CIVIL ACTION NO. 5:17-CV-00871 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MABE TRUCKING CO., ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending here is the Motion in Limine [Doc. No. 130] filed by Defendants Mabe Trucking Co., Inc., ("Mabe"); Richard Agee ("Agee"); and National Interstate Insurance Company seeking an order to *include* evidence and testimony of the driving record and other accidents of Plaintiff David Franco ("Franco"). Franco has filed an opposition [Doc. No. 146].

## I. FACTS AND PROCEDURAL HISTORY

This case arises out of a motor vehicle accident. On or about November 24, 2015, Franco's vehicle was involved in a collision with an 18-wheel truck owned by Mabe and being driven by Agee on Interstate 20 in Louisiana.

Franco alleges that the accident was caused by the negligent operation of the Mabe truck by Agee in pulling onto Interstate 20 directly in front of him. Defendants contend the accident was caused solely by the negligence of Franco in not paying attention and rear-ending the Mabe truck. Thus, one of the issues to be presented to the jury is fault.

On November 22, 2016, Franco filed suit against Mabe in the United States District Court for the Eastern District of Texas, Marshall Division, alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). On July 6, 2017, the suit was transferred to this Court. On May 3,

2018, Franco filed a Supplemental and Amended Complaint adding Agee and National Interstate Insurance Company as defendants.

Defendants' motion asserts that Franco was involved in multiple other accidents which occurred at substantially the same place, under substantially the same conditions, and which were caused by the same or similar acts as the accident here. Defendants further assert that evidence of the multiple instances of Franco's repeated violations of traffic laws is admissible as evidence of Franco's lack of credibility. Defendants also argue that, taken as a whole, this evidence shows Franco's trait of being a dangerous and careless driver and tends to support Defendants' defense that the negligence of Franco caused the accident at issue.

Additionally, Defendants contend they can use these accidents to rebut Franco's assertion that this accident alone is the sole cause of the injuries which are the subject of this suit.

Although Defendants contend this evidence is relevant and admissible, they believe Franco will attempt to exclude it. Therefore, they ask the Court for an order allowing this evidence.

Franco responds that his prior accidents and his driving history are inadmissible to prove that he was at fault in the instant accident. He argues that Defendants are seeking to admit character evidence in violation of Federal Rule of Evidence 404, and that Rule 405 is not implicated since character is not an element of Defendant's defense.

Additionally, Franco contends that Louisiana law does not allow Defendants to enter evidence of past actions to prove conformity therewith. He asserts that, while there is a narrow exception for admitting substantially similar past accidents, this exception is only available when admitting the past accidents for the limited purpose of showing that a place or thing was dangerous and that a defendant knew of that danger.

Franco further asserts that this evidence would clearly be more prejudicial than probative under Federal Rule of Evidence 403 and is therefore inadmissible.

## II. LAW AND ANALYSIS

### A. Applicable Law

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID 401. "Relevant evidence is admissible unless any of the following provide otherwise: the United States Constitution; a federal statute; [the Rules of Evidence]; or other rules prescribed by the Supreme Court." FED. R. EVID. 402. "Irrelevant evidence is not admissible." *Id*.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED R. EVID. 403. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED R. EVID. 403, 1972 Advisory Committee Note. "In reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction." *Id*.

When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may be proved by relevant specific instances of the person's conduct. FED R. EVID. 405(b).

### B. Admissibility of Franco's Other Accidents

The accident at issue here occurred on November 24, 2015, when Franco rear-ended the Mabe truck in the right lane of the Interstate 20 in Louisiana. In his deposition, Franco admitted

to rear-ending another vehicle in 2005 on Interstate 20 in Texas while in the right lane of the interstate. He also admitted to rear-ending a vehicle in 2012 on Interstate 49 in Louisiana while in the right lane of the interstate. He further admitted to rear-ending a vehicle in 2017, *after* the accident involved here, on U.S. Highway 271 in Texas while in the right lane of the highway.

Defendants contend that evidence of these other accidents is relevant because it has a tendency to make a fact of consequence--the actions or inactions of Franco on November 24, 2015 --more or less probable. They further argue this evidence is not unfairly prejudicial to Franco because it encourages the jury to make their decision on a proper and valid basis.

Defendants cite jurisprudence which they contend provides that evidence of other accidents is admissible if the other accidents were substantially similar "to the facts and circumstances at issue." *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993); *Busse v. Bayerische Motoren Werke, A.G.,* No. 96-2034, 1997 WL 106716, at *5 (E.D. La. Mar. 11, 1997); *Moyer v. Siemens Vai Services, LLC*, CV 11-3185, 2013 WL 12231277, at *1 (E.D. La. June 28, 2013).

Franco responds that the above cases cited by Defendants stand only for the proposition that "substantially similar" accidents are admissible in *products* and *premises* cases for the limited purpose of showing a thing or place was dangerous and defendant had knowledge of that danger. He argues that Defendants have not identified any Louisiana case that holds prior accidents are admissible to show a driver's character trait of being a "bad driver."

Franco further asserts that evidence of the two accidents which occurred prior to the accident here is not relevant to damages, as Defendants' own independent medical examiner, Dr. Don Smith, confirmed there is no evidence whatsoever that any prior accidents caused the pain symptoms related to the accident here.

4

The Court agrees with Franco that evidence of the two prior accidents, i.e., the 2005 and the 2012 accidents, are not relevant and are not admissible. Even if the cases cited by Defendants were applicable here, Defendants have failed to show that the two prior accidents were "substantially similar" to the one here. Defendants have failed to show they occurred at substantially the same place, and under substantially the same conditions, and were caused by the same or similar act or omission.

However, the Court finds that evidence of the 2017 accident, or any other accident which occurred *after* the accident here, is relevant for the limited purpose of showing an intervening cause and/or additional cause for Franco's alleged injuries. A limiting instruction to that effect will be given the jury.

**B.     Admissibility of Franco's Driving Record**

Defendants contend that evidence of Franco's driving record is relevant because it speaks to Franco's credibility and shows his tendency to operate motor vehicles in a careless and dangerous manner.

Other than this accident and the three described above, Franco testified in his deposition that his driving record was "very clean." Defendants contend Franco's testimony was not true, and that, in fact, his driving record is littered with dangerous driving.

Defendants allege that, according to his employment records, Franco was cited for driving while intoxicated on November 30, 1984, running red lights on November 24, 2004, and April 7, 2005, as well as speeding on January 31, 2007 and June 28, 2011. Defendants assert that Franco himself admitted to the speeding violation in 2011 in his employment applications with Chili Peppers Hot Shot and with American Eagle Logistics, yet he did not admit to this violation in his deposition.

Defendants further assert that American Eagle Logistics placed Franco on probation effective July 11, 2012, due to his multiple violations. They state that Franco's poor driving record caused American Eagle Logistics to find he failed to meet the company's hiring criteria. Thus, according to Defendants, Franco's driving record is not "very clean."

Defendants argue that prior bad acts not resulting in a conviction are admissible under Federal Rule of Evidence 608(b) if relevant to the witness's character for truthfulness or untruthfulness. *See United States v. Parker*, 133 F.3d 322, 327 (5th Cir. 1998). Thus, Defendants contend that Franco's true driving history and deposition testimony are relevant to show his character for untruthfulness in this matter.

Defendants further argue that Franco's deposition testimony and driving history are probative of his actions on November 25, 2015, which may be proven by these specific instances of his past conduct because his character trait of being a negligent driver is an essential element of Defendants' defense that Franco's negligence caused this accident. FED. R. EVID. 405(b). Further, this evidence does not cause a jury to make a decision on an improper or emotional basis; rather, this evidence and Franco's false testimony would cause the jury to make a decision based upon relevant, competent, admissible and proper evidence, according to Defendants.

Franco responds that "character trait" is noticeably absent from the elements of proving a negligence claim – duty, breach, causation, and damages. Indeed, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion that person acted in accordance with that character trait." FED. R. EVID. 404(a)(1). Franco asserts that, to the extent these offenses could be considered criminal, such evidence is expressly prohibited by FED. R. EVID. 609. Further, in either event, the rules of evidence clearly prohibit Defendants from attempting to

prove Franco had a "character trait of being a negligent driver" to prove he was negligent on this particular occasion.

Additionally, Franco argues that Defendants cannot use his driving history for impeachment purposes solely because he testified his record was "very clean." He states that this response was only a generality given in the context of being asked in his deposition about wrecks, not tickets. Franco asserts that, even if Defendant had asked him specifically about every traffic ticket he has ever received and he forgot or misspoke about one such ticket, this would not suddenly open the door to his entire history being entered into evidence for impeachment purposes.

Finally, Franco argues that the Fifth Circuit expressly prohibits the entry of documents for impeachment on collateral matters. *See Head v. Halliburton Oilwell Cementing Co*., 370 F.2d 545, 546 (5th Cir. 1966) ("Impeachment by contradiction is not permitted on collateral matters.") (citing *Am. Ins. Union v. Lowry*, 62 F.2d 209 (5th Cir. 1933)). He contends his prior history is clearly collateral to whether he was negligent on the day in question, as such history would not be relevant to this suit regardless. *See U.S. v. Larry Reed & Sons P'ship*., 280 F.3d 1212, 1215 (8th Cir. 2002) (noting that, for impeachment by contradiction, the contradiction must be relevant).

The Court finds that evidence of Franco's driving history is not admissible to attack Franco's credibility solely because he testified his record was "very clean." This was a general response to a question in the context of prior wrecks, not violations. Further, impeachment by contradiction is not permitted on collateral matters

The Court also finds that evidence of Franco's driving history is not admissible to show his tendency to operate motor vehicles in a careless and dangerous manner. Federal Rule of Evidence 404(a) provides that, subject to the exceptions listed in Rules 607, 608, and 609, evidence of a person's character or character trait is not admissible to prove that on a particular occasion the

7

person acted in accordance with the character or trait. Defendants have not shown that any of the exceptions apply here.

Additionally, although Defendants refer to Franco's citations for traffic offenses, they do not indicate whether he was actually convicted, nor do they indicate whether any of these offenses were punishable by imprisonment for more than one year, as is required by Federal Rule of Evidence 609.

Furthermore, the Court finds that even if evidence of Franco's driving record was relevant, its probative value is substantially outweighed by the danger of undue prejudice, under Federal Rule of Evidence 403.

Finally, the Court finds that evidence American Eagle Logistics placed Franco on probation effective July 11, 2012, for violations is inadmissible, for the same reasons.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion in Limine to Include Evidence and Testimony of Other Accidents of David Franco [Doc. No. 130] is GRANTED IN PART and DENIED IN PART. To the extent Defendants seek to include evidence of Franco's 2017 accident, or any other accident which occurred after the accident here, the motion is GRANTED, but solely for the limited purpose of showing an intervening cause and/or additional cause for Franco's alleged injuries. In all other respects, the motion is DENIED.

Monroe, Louisiana, this 18th day of March, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE