UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| DAVID FRANCO | CIVIL ACTION NO. 5:17-CV-00871 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MABE TRUCKING CO., ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending here is an Omnibus Motion in Limine [Doc. No. 131] filed by Defendants Mabe Trucking Co., Inc., ("Mabe"); Richard Agee ("Agee"); and National Interstate Insurance Company. Plaintiff David Franco ("Franco") has filed an opposition [Doc. No. 149].

**I.    FACTS AND PROCEDURAL HISTORY**

This case arises out of a motor vehicle accident. On or about November 24, 2015, Franco's vehicle was involved in a collision with an 18-wheel truck owned by Mabe and being driven by Agee on Interstate 20 in Louisiana.

Franco alleges that the accident was caused by the negligent operation of the Mabe truck by Agee in pulling onto Interstate 20 directly in front of him. Defendants contend the accident was caused solely by the negligence of Franco in not paying attention and rear-ending the Mabe truck.

On November 22, 2016, Franco filed suit against Mabe in the United States District Court for the Eastern District of Texas, Marshall Division, alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). On July 6, 2017, the suit was transferred to this Court. On May 3,

2018, Franco filed a Supplemental and Amended Complaint adding Agee and National Interstate Insurance Company as defendants.

Defendants present fifteen (15) subparts in their motion in limine for the Court's consideration. The Court will consider each in turn.

### 1. The parties' relative financial positions

Defendants move the Court to preclude Franco from offering any evidence or argument about Franco's financial condition, Defendants' financial condition, and/or their disparity.

Franco does not oppose this request.

Subpart (1) to Defendants' motion in limine is **GRANTED**. Any argument about or any reference to the relative financial positions of Defendants and Franco is excluded.

### 2. Franco's physical condition and work capacity

Defendants move the Court to exclude evidence from lay witnesses concerning Franco's medical condition, work capacity, or alleged disability because lay witnesses are incompetent to testify to matters of a medical nature and because such testimony is hearsay. FED. R. EVID. 601, 602, 702, and 801.

Franco responds that both expert and lay witnesses can testify to their respective personal observations of his behavior, including observed physical conditions. FED. R. EVID. 701.

Subpart (2) to Defendants' motion in limine is **GRANTED IN PART** and **DENIED IN PART**. To the extent Defendants seek to exclude testimony from a lay witness as to Franco's medical condition, work capacity, or alleged disability, the motion is **GRANTED**. To the extent Defendants seek to exclude testimony from a lay witness as to his observations of Franco's physical condition and behavior, the motion is **DENIED**. Lay witnesses can testify as to observed physical conditions and behavior.

The Court further notes Franco has dismissed his lost wage and loss of earning capacity claims, so the Court does not anticipate testimony in this regard. [Doc. No. 129].

3. **Exclusion of Franco's future damages unless reduced to present value.**

Defendants contend that evidence of the amount of future damages, if any, must be reduced to their present value. *See Culver v. Slater Boat Co.*, 722 F.2d 114 (5th Cir. 1983). Defendants argue, therefore, that to the extent Franco attempts to present any calculation of future medical expenses, those calculations must be reduced to the present value.

Franco responds that neither Louisiana nor federal law requires non-economic damages be reduced to present value by an economist. Franco contends that Defendants' cited support, *Culver v. Slater Boat Co.*, stands only for the proposition that pecuniary losses in cases governed by federal law must be reduced to present value. *See id.*, at 122.

Courts in the Western District of Louisiana have consistently held that future losses (income and medical expenses) must be discounted to present value. However, awards for future pain and suffering are not discounted to present value. *See Schannette v. United Specialty Ins. Co.,* No. 6:16-cv-01082, 2016 WL 8453635 at *4 (W.D. La. 1/6/16) ((" Future losses (income and medical expenses), however, must be discounted to present value.")); *Baham v. Nabors Drilling USA, LP*, 721 F.Supp.2d 499, 515 (W.D. La. 2010) (("With the exception of awards for future pain and suffering, future losses (income and medical expenses) must be discounted to present value."))

The Court again notes that Franco has dismissed his lost wage and loss of earning capacity claims. [Doc. No. 129].

Subpart (3) to Defendants' motion in limine is **GRANTED IN PART** and **DENIED IN PART**. To the extent Defendants request exclusion of evidence of Franco's future medical expenses unless discounted to present value, the motion is **GRANTED**. To the extent Defendants

3

request exclusion of evidence of Franco's future pain and suffering unless discounted to present value, the motion is **DENIED**.

4. **Exclusion of references to punitive or exemplary damages**

Defendants ask the Court to exclude any reference to punitive or exemplary damages since those damages are not available in this matter.

Franco does not oppose this request.

Subpart (4) to Defendants' motion in limine is **GRANTED**. Any reference to punitive or exemplary damages is excluded.

5. **Exclusion of all claims or lawsuits involving Defendants**

Defendants contend that evidence of other claims against them, including the files and reports regarding those claims, are inadmissible and irrelevant under Federal Rules of Evidence 402 and 802. They further contend that a party seeking to introduce evidence of other complaints or claims must establish a substantial similarity between the cases. *See Bates v. Denney, MD.,* 563 So.2d 298, 300 (La. App. 1st Cir. 5/10/90).

Franco does not oppose this request. Franco further asserts that all parties seem to agree other lawsuits involving the parties are inapplicable to this case. Plaintiff references his own motion in limine seeking the exclusion of evidence of his subsequent "non-injury" wrecks. [Doc. 138-1, p.12-14]. For the same reasons cited by Defendants, Plaintiff moves the Court to find no prior or subsequent lawsuits involving any of the parties are relevant or admissible.

Subpart (5) to Defendants' motion in limine is **GRANTED**. Any reference to other claims against Defendants, including the files and reports regarding those claims, are excluded. The Court will address Franco's motion in limine [Doc. No. 138] in a separate Ruling.

6. **Exclusion of references to settlement negotiations**

Defendants contend that evidence of any offers to settle, negotiations with respect to settlement, or the absence of such negotiations, should be excluded. Defendants argue this information is immaterial and irrelevant to any issue in this case, and its mention would be unfairly prejudicial. FED. R. EVID. 401, 402, and 403.

Franco does not oppose this request.

Subpart (6) to Defendants' motion in limine is **GRANTED**. Any reference to offers to settle, to negotiations with respect to settlement, or to the absence of such negotiations, are excluded. This includes any references with regard to property damages.

## 7. Exclusion of references to Franco being under financial hardship

Defendants request the exclusion of comments or references that Franco is or may be under any financial burden or hardship on the basis that such evidence is not probative to the issues herein and would be calculated to confuse the issues and prejudice the jury. FED. R. EVID. 401, 402, and 403.

Franco opposes this request. He contends his financial hardship due to this wreck contributes to his mental anguish and is clearly relevant. He further argues that its probative value is not outweighed by any prejudicial effect it may have. Finally, Franco asserts that Defendants offer no case law or statute supporting their contention that he cannot present evidence of economic hardship caused by a wreck. But Franco offers no case law or statute supporting his position.

The Court finds under the circumstances of this case, where Franco has dismissed his claim for lost wages and loss of earning capacity [Doc. No. 129], the probative value of evidence of his alleged financial hardship would be outweighed by the prejudicial effect it would have.

Subpart (7) to Defendants' motion in limine is **GRANTED**. Comments or references that Franco is or may be under any financial burden or hardship are excluded.

### 8. Exclusion of Franco's testimony as to what he was told by medical witnesses

Defendants contend that, to the extent Franco intends or may testify as to whether he has been told anything about his physical or medical condition by any doctor or medical witnesses, the Court should exclude this testimony as hearsay. FED. R. EVID. 802 and 702. Defendants assert Franco must present this testimony from the medical record or an expert only.

Franco responds that his understanding of his own medical condition is relevant to his mental anguish; that such statements are not being offered for the truth of the matter asserted, but as evidence of the effect that such statements had on his mental state; and, that those statements are therefore relevant non-hearsay.

Subpart (8) to Defendants' motion in limine is **DENIED** at this time. The Court will not allow this evidence if offered for the truth of the matter asserted. If at trial, Franco's evidentiary presentation is made in such a way that it falls within an exception to the hearsay rule, the evidence will be allowed. However, the Court cannot speculate if and how such evidence might be presented at trial, and, therefore, this subpart is **DENIED**.

### 9. Exclusion of argument to have the jurors place themselves in the position of Franco

Defendants request the Court to exclude any comments or statements by counsel that members of the jury panel would or would not take any amount of money to be in the position of Franco, or any other language attempting to have the jurors place themselves in the position of Franco.

Franco responds that Defendant is requesting a prohibition against "Golden Rule" arguments, which are allowed.

This Court has already ruled that any "Golden Rule" arguments will be excluded. [Doc. No. 164].

Therefore, for the reasons set forth in this Court's prior ruling [Doc. No. 164], subpart (9) to Defendants' motion in limine is **GRANTED**.

**10.  Exclusion of evidence regarding health problems or conditions Franco may incur in the future**

Defendants request that the Court exclude testimony or evidence suggesting Franco may incur health problems or medical conditions caused by the November 24, 2015 accident in the future.  Moreover, Defendants request that the Court exclude testimony by Franco suggesting he has fears or concerns about potential health problems or medical conditions which may arise in the future.  They contend that such testimony is the province of a medical expert.

Defendants assert that, to establish medical causation, Franco must present the testimony of a medical doctor, as a medical diagnosis necessarily concerns "scientific, technical, or other specialized knowledge." FED. R. EVID. 702.  They conclude Franco is not qualified to offer scientific testimony regarding medical causation, including but not limited to a cause of action for potential future personal injuries.

Franco responds that medical testimony concerning his prognosis is obviously relevant; that even Defendants' own expert testified his prognosis is poor; and, that he will submit testimony from treating neurosurgeon, Dr. Charles Gordon, and functional capacity expert, Dr. Steven Allison.  Franco further argues that his fears and concerns about his future health are relevant to damages, and that any prejudicial effect of such testimony does not outweigh its strong probative value.

Subpart (10) to Defendants motion in limine is **GRANTED IN PART** and **DENIED IN PART**.  To the extent Defendants seek to exclude testimony from Franco or a lay witness as to health problems or conditions that Franco may incur in the future, the motion is **GRANTED**.  To the extent Defendants seek to exclude testimony from a medical expert on this issue, the motion is

7

**DENIED**. Additionally, to the extent Defendants seek to exclude testimony from a financial expert as to costs, the motion is **DENIED**.

### 11. Exclusion of references to motions or rulings regarding exclusions of evidence or expert testimony.

Defendants object to evidence, testimony, or argument regarding their various motions to exclude certain evidence or expert testimony from being presented at trial on the basis such offerings have no place at trial and are not relevant to any Franco's alleged causes of action or injuries. Defendants assert the purpose of such offerings would be to inflame the jury against them or to imply they "have something to hide," thus creating bias and distrust on the part of the jury against them. Further, any probative value would be outweighed by the danger of unfair prejudice.

Franco states he has no opposition.

Subpart (11) to Defendants' motion in limine is **GRANTED**. References by either side to motions or rulings regarding exclusions of evidence or expert testimony are excluded.

### 12. Exclusion of references to absent or probable witnesses

Defendants request no mention or suggestion be made as to the probable testimony of a witness who is absent, unavailable or not called to testify in this cause, and no comment be made as to the failure of any party to call as a witness any person equally available to both parties.

Franco agrees in part. However, he further states that no one should be prohibited from talking about the probable testimony of probable witnesses in opening, so long as such is done in good faith. He also asserts this Court should still recognize the uncalled witness rule, if such becomes an issue.

"The *Erie* doctrine requires federal courts to apply substantive state law when adjudicating state law claims. Procedural matters, however, are governed by federal law. [ ] The applicability

of the uncalled-witness rule is a procedural matter, hence governed by federal law. [ ] Accordingly, if unconstrained by precedent, we would hold that in trials conducted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure, the trier of fact may draw no inference from a party's mere failure to call a witness who is susceptible to subpoena by either party, and that it is inappropriate for counsel to argue to the fact finder that such an inference is permissible." *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir. 1990).

There is "an important exception to the applicability of the presumption: if the witness is 'equally available' to both parties, any negative inference from one party's failure to call that witness is impermissible." *United States v. Wilson*, 322 F.3d 353, 363 n.14 (5th Cir. 2003) (*quoting McClanahan v. United States*, 230 F.2d 919, 925 (5th Cir. 1956)).

Accordingly, Subpart (12) to Defendants' motion in limine is **GRANTED**. No mention or suggestion may be made as to the probable testimony of a witness who is absent, unavailable or not called to testify in this cause, and no comment may be made as to the failure of any party to call as a witness any person equally available to both parties.

**13. Exclusion of references to Mabe's testing, entrustment, or training of Agee**

Franco originally asserted a separate claim against Defendant Mabe for negligent hiring, training, and entrustment; however, on November 20, 2018, this Court dismissed those claims with prejudice [Doc. No. 102]. Therefore, Defendants contend that any reference or testimony related to Mabe's testing and training of Agee, or entrustment of the subject vehicle to Agee, are irrelevant to any pending claim in this matter. Defendants assert further that allowing Franco to elicit testimony regarding same would be confusing and prejudicial.

Franco responds that Mabe's training and testing of Agee are relevant to show standards of care and duties owed by trucking companies to the other drivers on the road. Additionally,

9

Franco asserts that, while not offered to prove a negligent entrustment claim, this evidence is still relevant to show that Agee violated the duties owed.

Subpart (13) to Defendants' motion in limine is **GRANTED**. For the reasons set forth in the prior Ruling of the Court [Doc. Nos. 101, 102], this evidence is no longer relevant. Any reference or testimony related to Mabe's testing and training of Agee, or entrustment of the subject vehicle to Agee, is excluded.

> **14. Exclusion of any reference to testimony related to what Agee knew or should have known related to various conditions in the road or statements contained in any drivers' manuals**

Defendants assert that, in deposition, Franco's counsel asked Agee confusing questions related to the safety of certain situations in a way Agee clearly did not understand. Additionally, numerous questions related to out-of-context statements contained in various drivers' manuals, such as the Virginia Commercial Driver's Manual. Agee answered many of these questions by saying "I don't know."

Defendants state that Franco's counsel has repeatedly used Agee's responses of "I don't know" to belittle Agee and to elicit testimony from other witnesses that Agee was somehow negligent in this case because he answered in the manner he did.

Defendants request that Franco be prohibited from eliciting this type of testimony at trial, as the responses by Agee would be irrelevant to any pending claim in this matter, and, this testimony would be confusing and prejudicial. FED R. EVID. 401, 402 and 403.

Franco responds that all commercial drivers must follow applicable federal, state, and local laws and driving rules, and that Defendants are trying to keep the jury from hearing the driving rules that govern the parties' respective conduct. Further, Defendants are trying to keep the jury from learning whether Agee even knew the rules.

Franco contends that Agee violated a number of Louisiana laws and commercial driving rules; that all of those rule violations contributed to his negligence in causing this wreck; and thus, whether Agee even knew these rules is a threshold consideration. Franco, concludes that, as such, this evidence is directly probative, and that the only prejudice Defendants have identified is that this testimony is simply not good for their case.

The Court finds that, while evidence as to laws that govern driving in Louisiana is relevant, evidence as to rules and regulations in driving manuals or other documents that do not apply to driving in Louisiana is irrelevant and could be confusing as well as prejudicial.

Therefore, Subpart (14) to Defendants' motion in limine is **GRANTED IN PART** and **DENIED IN PART**. To the extent Defendants seek to exclude testimony as to rules and regulations in driving manuals or other documents that do not apply to driving in Louisiana, the motion is **GRANTED**. To the extent Defendants seek to exclude testimony as to laws governing driving in Louisiana, the motion is **DENIED**.

**15. Exclusion of opinion testimony regarding alleged violations of laws of the road**

Defendants seek to exclude testimony from Mr. Franklin, a witness to this accident, and from Officer Lita Hopkins, the officer who investigated this accident, that Agee broke some law or violated some legal requirement by pulling on the freeway and accelerating.

Defendants contend that Mr. Franklin is a trucker, not an accident reconstructionist or other expert, and therefore his opinions of alleged legal violations are not admissible. FED. R. EVID 701. Defendants additionally contend that Officer Hopkins is a non-expert police officer who did not witness the accident.

Franco responds that Mr. Franklin is a commercial truck driver with three decades of experience; that he witnessed Agee's actions and behavior at the time of the accident; and that, to

the extent Mr. Franklin witnessed any violations of "standards within his industry," he can testify to those violations he witnessed.

Franco further responds that Officer Hopkins is able to testify as to the laws of Louisiana that are within her personal knowledge, as well as the industry standards. Franco also argues that Officer Hopkins can testify as the actual events that transpired that are within her personal knowledge.

This Court has previously issued a Ruling with regard to Officer Hopkins' testimony. [Doc. No. 162]. This Court found that Officer Hopkins can testify about facts within her knowledge, such as her observations when she arrived on the scene, any measurements that she took, any photographs that she took, the steps she took during her investigation, who she spoke to, what those witnesses said, and who reported injuries at the accident scene.

But this Court further found that it would be improper to allow Officer Hopkins to testify regarding her opinions as to fault, including any opinions that Agee may have broken Louisiana law if he was "travelling" in the slow lane of I-20 at 25 mph prior to the accident, that Agee may have broken Louisiana law by merging onto I-20 from the shoulder, that Agee committed any other violation, or that Agee caused the alleged accident.

The same applies to Mr. Franklin. Although he can testify about facts within his knowledge, such as the actual events he witnessed, he likewise cannot testify regarding his opinions as to these issues.

Subpart (15) of Defendants' motion in limine is **GRANTED**, for the reasons set forth in the previous Ruling of the Court [Doc. No. 162].

Accordingly, for these foregoing reasons, Defendants' Omnibus Motion in Limine [Doc. No. 131] is **GRANTED IN PART** and **DENIED IN PART**.

MONROE, LOUISIANA, this 20th day of March, 2019.

                                                      **TERRY A. DOUGHTY**
                                                     **UNITED STATES DISTRICT JUDGE**