# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| DAVID FRANCO | CIVIL ACTION NO. 5:17-CV-00871 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MABE TRUCKING CO., ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending here is Plaintiff David Franco's ("Franco") Omnibus Motion in Limine [Doc. No. 138]. Defendants Mabe Trucking Co., Inc., ("Mabe"); Richard Agee ("Agee"); and National Interstate Insurance Company have filed an opposition [Doc. No. 150].

## I.    FACTS AND PROCEDURAL HISTORY

This case arises out of a motor vehicle accident. On or about November 24, 2015, Franco's vehicle was involved in a collision with an 18-wheel truck owned by Mabe and being driven by Agee on Interstate 20 in Louisiana.

Franco alleges that the accident was caused by the negligent operation of the Mabe truck by Agee in pulling onto Interstate 20 directly in front of him. Defendants contend the accident was caused solely by the negligence of Franco in not paying attention and rear-ending the Mabe truck.

On November 22, 2016, Franco filed suit against Mabe in the United States District Court for the Eastern District of Texas, Marshall Division, alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). On July 6, 2017, the suit was transferred to this Court. On May 3,

2018, Franco filed a Supplemental and Amended Complaint adding Agee and National Interstate Insurance Company as defendants.

Franco presents nine (9) subparts in his motion in limine for the Court's consideration. The Court will consider each in turn.

### A. Franco' Prior Motor Vehicle Accidents

Franco moves the Court to exclude evidence of his two motor vehicle collisions prior to the subject wreck—one in 2005 and another in 2012. Defendants object.

The Court has previously found that evidence of these two prior accidents is not relevant and not admissible [Doc. No. 165]. Therefore, for the reasons expressed in that Ruling, subpart (A) to Franco's motion in limine is **GRANTED**.

### B. Statements and Images from Franco's Facebook Account

Franco moves the Court to exclude 141 pages of material purportedly taken from his Facebook social media networking account, which include pictures, jokes, and comments by other Facebook users. Franco objects that all writings and comments contained in this material are hearsay; that all images are unauthenticated; and that some of the images include crude jokes which are irrelevant and more prejudicial than probative. Additionally, Franco objects to images taken from the inside of a vehicle as irrelevant, as more prejudicial than probative, and as improper character evidence. He also objects to pictures of guns as irrelevant and more prejudicial than probative.

Franco requests that the Court prohibit Defendants from trying to admit, allude to, or present any Facebook evidence without first approaching the Court outside the presence of the jury for a conference.

Defendants respond that, as to Franco's authenticity objection, this issue can be remedied as Franco cam be presented with his own Facebook pages at trial and authenticate them. Further, as to Franco's objections that certain images, photographs, comments, crude jokes, and pictures of guns are irrelevant and/or prejudicial, Defendants ask the Court to reserve judgment on their admissibility until the time of trial.

As to the images taken from the inside of a vehicle, Defendants contend that one issue at trial will be whether Franco was distracted immediately prior to the accident. Some of the photographs show Franco inside his tractor trailer and using his cell phone to take pictures while behind the wheel. The use of a hand-held mobile telephone while driving a commercial motor vehicle is illegal under 49 C.F.R. § 392.82.

Defendants further assert that Franco is alleging that Agee broke the law even though he was not ticketed, and that Agee is a bad driver who does not know general safety requirements. Yet, this evidence from Franco's own Facebook page shows that *he* regularly engages in prohibited activity and uses his cell phone to take photographs while driving. Defendants argue, therefore, that this Facebook evidence is admissible to the extent Franco claims he is a safe driver but Agee is not.

Subpart (B) to Franco's motion in limine is **DENIED** at this time. The Court cannot rule on the Facebook posts until they are seen and the reasons for their relevance given. The admissibility of each post must be determined at trial. Defendants are prohibited from trying to admit, allude to, or present any Facebook evidence without first approaching the Court outside the presence of the jury for a conference.

### C. Franco's Medical Insurance or Payments Made by Insurance

Franco moves the Court to exclude evidence of insurance he independently procured, pursuant to the Louisiana Collateral Source Rule, which provides that a tortfeasor cannot benefit from, and an injured plaintiff's recovery cannot be reduced by, sources of insurance. *See generally, Bozeman v. State*, 879 So. 2d 692 (La. 2004) (reciting the law that a plaintiff's recovery shall not be reduced because private health insurance or Medicare paid certain amounts). Franco further moves the Court to exclude evidence of reduced billing because of health insurance, for the same reason.

Defendants respond that this issue arises from Franco's treating physician, Dr. Gordon, testifying that he has an agreement with Franco to attempt to collect any of Franco's medical bills first from a judgment in this lawsuit. They contend this evidence is relevant to show Dr. Gordon's bias and to show that Franco has not actually incurred the billed medical expense.

The Court agrees with Franco that evidence of his health insurance is not admissible under the Louisiana Collateral Source Rule. For the same reason, evidence that Dr. Gordon intends to collect first from a judgment in this case is irrelevant and inadmissible.

Subpart (C) to Franco's motion in limine is **GRANTED**. Evidence of insurance Franco independently procured, reduced billing because of health insurance, and any alleged agreement that his physician agreed to collect first from a judgment in this case, is excluded.

### D. Morbid Hypotheticals

Franco requests that the Court prohibit Defendants from asking morbid hypotheticals of the witnesses in this case.

More specifically, Franco asks the Court to rule that any attempt by Defendants to question lay or expert witnesses with hypotheticals where families, children, or the elderly die in fiery

crashes must be preceded by a conference with the Court outside the presence of the jury. Franco asserts that during questioning of witnesses in this case, Defendants have used hypotheticals involving a slow-moving minivan with a mom and a soccer team that was killed when a truck rear-ended them, and that "defense counsel killed a van full of children in his hypothetical question" to another witness [Doc. No. 138-1, p. 10].

Defendants respond that Franco rear-ended a large truck, accelerating in the slow lane of the highway in broad daylight, and then sued Defendants for his own negligence. Therefore, these types of questions are relevant to determine the scope of Franco's negligence, particularly if Franco is claiming he has a right to rear-end anyone he wants because they are going slow on the highway. Defendants conclude this is a valid question and one the jury should be able to consider, but if the Court instructs them to refrain from including old persons and children in these types of hypothetical questions, they will certainly honor such a request.

Subpart (D) to Franco's motion in limine is **DENIED** at this time. The Court will not allow any hypothetical lacking factual support in the record or any hypothetical intended to inflame the jury against a party. The Court declines to issue a broad ruling prior to the hypothetical being asked, as the admissibility of each hypothetical must be decided on a hypothetical-by-hypothetical basis. Therefore, any attempt by either party to question a witness with a hypothetical involving the death of innocent people must be preceded by a conference with the Court outside the presence of the jury.

### E. Settlement of Property Damage Claim

Franco requests that the Court exclude evidence of any settlements of property damage between the insurers in this case and, specifically, evidence that the insurance company covering

his vehicle at the time of the wreck paid for the property damage to the Mabe vehicle, because such evidence is inadmissible for showing liability in the instant case. FED. R. EVID 408.

Defendants respond that evidence of payment made to Mabe in reimbursement of the property damage caused when Franco struck Mabe's tractor and trailer is admissible since it is not a settlement between Franco and any Defendant. Further, Defendants assert it can be used to establish that Franco's employer, and its insurer, accepted responsibility for Franco's actions.

Finally, Defendants argue it can be used to rebut Franco's likely argument that Mabe should have preserved video footage of the accident or downloaded ECM data from its trailer. Defendants contend that Franco's employer paying for the damage to Mabe's vehicles is relevant evidence to establish Mabe had no expectation that preserving any additional evidence was necessary.

The Court finds that this evidence is inadmissible. Federal Rule of Evidence 408 states that evidence of "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—valuable consideration in compromising or attempting to compromise the claim" is not admissible to prove or disprove "the validity or amount of a disputed claim." FED. R. EVID. 408(a)(1). Exceptions to this rule include (1) proving bias or prejudice, (2) negating a contention of undue delay, or (3) proving an effort to obstruct a criminal investigation. FED. R. EVID. 408(b).

"Rule 408 excludes offers of settlement [ ] because [ ] the evidence is irrelevant, since the offer may be motivated by a desire for peace rather from any concession of weakness of position . . ." *Hollybrook Cottonseed Processing, LLC v. Carver, Inc.*, No. 09-750, 2012 WL 12929817, n. 19 (W.D. La. March 22, 2012).

Similarly, Louisiana Code of Evidence 408 states that offers or acceptance of value for compromise "is not admissible to prove liability for or invalidity of the claim or its amount" in a

civil case. LA. CODE EVID. 408(A). *See Celestine v. U.S. Fid. & Guar. Co.*, 561 So. 2d 986, 988 (La. App. 4th Cir. 1990) (holding other settlements not admissible to prove liability).

Therefore, subpart (E) to Franco's motion in limine is **GRANTED**. Evidence of any settlements of property damage between the insurers in this case is excluded.

**F. Franco's Subsequent Non-Injury Wrecks**

Franco moves the Court to exclude evidence of two motor vehicle collisions after the wreck made the basis of this suit: one in March 2017 and one in September 2017. Defendants object.

The Court has previously found that evidence of any vehicle accident which occurred after the accident made the basis of this suit is relevant for the limited purpose of showing an intervening cause and/or additional cause for Franco's alleged injuries, and, that a limiting instruction to that effect will be given the jury [Doc. No. 165]. Therefore, for the reasons expressed in that Ruling, subpart (F) to Franco's motion in limine is **DENIED,** but admission of this evidence is limited as stated.

**G. Franco's Traffic Tickets and Inspection Violations**

Franco moves the Court to exclude evidence of any of his traffic tickets or inspection violations not directly involved in this case as completely irrelevant. Defendants object on the grounds that the evidence would be relevant considering Franco has received numerous tickets and has been involved in numerous rear-end accidents, while Agee has been involved in none.

The Court has previously found that evidence of Franco's driving record is inadmissible to attack his credibility or to show his tendency to operate motor vehicles in a careless and dangerous manner [Doc. No. 165]. The Court further found that his citations for traffic offenses were not admissible as there was no indication he was actually convicted or that any of these offenses were punishable by imprisonment for more than one year [Doc. No. 165].

7

Additionally, the Court finds that Franco's driving record is not admissible under Federal Rule of Evidence 406 to show that Franco had a habit of operating trucks negligently. "Evidence of habit is not lightly established, however. To offer evidence of habit, a party must at least demonstrate a 'regular practice of meeting a particular kind of situation with a specific type of conduct.'" *Jones v. Southern Pacific Railroad*, 962 F. 2d 447, 449 (5th Cir. 1992) (*quoting Reyes v. Missouri Pacific Railroad Co*., 589 F.2d 791, 794 (5th Cir. 1979)). The evidence of Franco's driving record does not meet that standard.

Therefore, for this reason, and for the reasons expressed in the Court's prior Ruling [Doc. No. 165], subpart (G) to Franco's motion in limine is **GRANTED**. Evidence of any of Franco's traffic tickets or inspection violations, not directly involved in this case, are excluded.

### H. Franco's Unrelated Medical Conditions

Franco requests that the Court exclude evidence of his preexisting health conditions before the accident, including diabetes, sleep apnea, carpal tunnel syndrome, knee problems, obesity, and rheumatoid arthritis. Franco contends that none of these were caused by this accident, and that there is no evidence or opinion that any of those conditions are more likely than not causing his current symptoms. He further contends there is no expert testimony that has linked any of these conditions as a causative factor in the accident at issue.

Defendants respond that evidence of these medical issues is relevant to show how they affected Franco before this accident or how they affect him now, whether any is a significant aggravating factor of Franco's back pain, and how they contribute to his general damages.

The Court finds that the prior medical conditions may be relevant in determining the extent of damages Franco suffered as a result of the accident here, and to compare his condition before and after the accident.

Subpart (H) of Franco's motion in Limine is **DENIED**.

I. **Any Fault or Preventability Determination Made by Franco's Employer**

Franco requests that the Court exclude documents obtained from his employer wherein an office manager indicated this accident was caused by Franco's failure to slow down for traffic ahead, swerving, and then hitting Mabe's truck as well as a truck in another lane. Franco contends the statement of an officer manager who did not witness the wreck and made more than six months after the wreck, is hearsay. Franco further contends that, to the extent the officer manager purported to express an opinion that the accident was preventable or was Franco's fault, there is no evidence of the office manager's qualifications to make such a determination.

Defendants respond that these records were made in the ordinary course and scope of Franco's employer's business, and that the persons who made the records had personal knowledge of the information or obtained the information from a person who had such personal knowledge. Defendants contend that the documents are admissible under Federal Rule of Evidence 902(11) to show that Franco's own employer conducted an investigation and determined that the accident was preventable and was DOT reportable.

The Court finds that these documents are inadmissible because there is nothing to show the qualifications of the person who made the determination or the reliability of the evidence that was considered in forming such an opinion.

**Subpart (I) to Franco's motion in limine is GRANTED.**

Accordingly, for these foregoing reasons, Franco's Omnibus Motion in Limine [Doc. No. 138] is **GRANTED IN PART** and **DENIED IN PART**.

MONROE, LOUISIANA, this 21st day of March, 2019.

                                              **TERRY A. DOUGHTY**
                                              **UNITED STATES DISTRICT JUDGE**