UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| DAVID FRANCO | CIVIL ACTION NO. 5:17-CV-00871 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MABE TRUCKING CO., ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending here is the Motion to Reconsider Ruling on Defendants' Motion for Summary Judgment (styled "Defendants' Pretrial Memorandum Regarding an Outstanding Issue of Law") [Doc. No. 174] filed by Defendants Mabe Trucking Co., Inc., ("Mabe"); Richard Agee ("Agee"); and National Interstate Insurance Company seeking the dismissal of Plaintiff David Franco's ("Franco") claim as untimely. Franco has filed an opposition [Doc. No. 175]. Defendants have filed a reply to the opposition [Doc. No. 176]. For the reasons set forth herein, Defendants' Motion to Reconsider Ruling is **GRANTED** and Franco's claim is **DISMISSED WITH PREJUDICE** as untimely.

I.     **FACTS AND PROCEDURAL HISTORY**

This case arises out of a motor vehicle accident. On November 24, 2015, Franco's vehicle was involved in a collision with an 18-wheel truck owned by Mabe and being driven by Agee on Interstate 20 in Louisiana.

On November 22, 2016, Franco filed suit against Mabe in the United States District Court for the Eastern District of Texas, Marshall Division, alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). [Doc. No. 1]. Franco did not serve Mabe until January 20, 2017.

On February 10, 2017, Mabe moved to either dismiss or transfer the proceeding, arguing that the Eastern District of Texas lacked personal jurisdiction and was an improper venue. [Doc. No.4]. On June 13, 2017, Judge Roy S. Payne, a United States Magistrate Judge for the Eastern District of Texas, granted Mabe's motion and transferred the proceeding to this Court. [Doc. No. 13]. Judge Payne opined: "Because the Court lacks personal jurisdiction over [Mabe], and hence venue under § 1391(b)(1) is improper, the Court finds it suitable in the 'interests of justice' to transfer the case to the Western District of Louisiana, the district where the accident occurred. *See* 28 U.S.C. § 1406(a)." *Id*. at 2. On July 6, 2017, the suit was transferred to this Court.

On January 23, 2018, Mabe filed a Motion for Summary Judgment, moving to dismiss Franco's claim on the basis of prescription. [Doc. No. 43]. On March 19, 2018, Judge Robert G. James denied Mabe's motion. [Doc. Nos. 63, 64].

On May 3, 2018, Franco filed a Supplemental and Amended Complaint adding Agee and National Interstate Insurance Company as Defendants [Doc. No. 72].

On April 1, 2019, Defendants filed the instant motion [Doc. No. 174] asking this Court to reconsider the Ruling issued on March 19, 2018 [Doc. No. 63] and raising an additional issue.

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary Judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

**B.      Analysis**

Defendants argue that Franco's claim is untimely because he filed suit in an improper venue and failed to serve Mabe within the prescriptive period set by Louisiana law.

The prescriptive period for Franco's negligence cause of action is one year from the date of injury, November 24, 2015, pursuant to LA. CIV. CODE ART. 3492. If an action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period, pursuant to LA. CIV. CODE ART. 3462.

Although Franco originally filed this action against Mabe on November 22, 2016, in the Eastern District of Texas, the Texas court was an improper venue that did not have personal jurisdiction over Mabe.

Mabe was served on January 20, 2017, well outside the one-year prescriptive period. Thus, under the Louisiana Civil Code, Franco's claim is clearly untimely.

On January 23, 2018, Mabe filed a Motion for Summary Judgment moving to dismiss "because Plaintiff's lawsuit was filed in an improper venue, and Plaintiff failed to serve [Mabe] until well after the one-year prescriptive period ran . . . ." [Doc. No. 43, p.1]. On March 19, 2018, Judge James denied Mabe's motion, determining that, because the case was originally filed in the

Eastern District of Texas, a transfer to this Court was appropriate under 28 U.S.C. § 1631 (whether or not the transferor court cited this provision), and Section 1631 mandates that this case be treated as if it had been filed here on the date originally filed. [Doc. No. 63, p. 4-8].

On April 1, 2019, Defendants filed the instant motion [Doc. No. 174] asking this Court to reconsider the prior Ruling and asserting that the consideration of an additional issue requires a different result. Specifically, the additional issue is whether giving precedence to 28 U.S.C. § 1631 over a state statute of limitations provision, LA. CIV. CODE ART. 3462, violates the well-established *Erie* doctrine, which is itself based on the long-standing Rules of Decision Act, 28 U.S.C. § 1652.

Under Rule 54(b), a "trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change or clarification of the substantive law." *Austin v. Kroger Texas, L.P.* 864 F.3d 326, 336 (5th Cir. 2017).

The Federal Rules of Decisions Act provides that:

> The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply.

28 U.S.C. §1652.

Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any diversity case is the law of the State. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

In *All Plaintiffs v. All Defendants*, 645 F. 3d 329 (5th Cir. 2011), the Fifth Circuit explained:

> The background principles governing whether courts should apply state or federal law can be found in *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, (1938). When a party has alleged a direct conflict between the Federal Rules and state law, however, an additional step precedes the *Erie* analysis. *Hanna v. Plumer*, 380 U.S. 460, 469–70, (1965). "The initial step is to determine whether, when fairly construed, the

4

scope of [the Rule] is 'sufficiently broad' to cause a 'direct collision' with the state law or, implicitly, to 'control the issue' before the court, thereby leaving no room for the operation of that law." *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4–5, (1987) (quoting *Walker v. Armco Steel Corp.,* 446 U.S. 740, 749–50 & n. 9, (1980); *Hanna*, 380 U.S. at 471–72). In determining whether the Rule covers a particular issue, we look to the plain meaning of the Rule's language. *Walker*, 446 U.S. at 750 n. 9. If we determine that such a "direct collision" does occur, we must apply the Federal Rule as long as that Rule is a valid exercise of Congress's rulemaking authority. *Burlington N.*, 480 U.S. at 4–5. Only if this initial inquiry is not determinative will we wade into the "murky waters" of *Erie* itself. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010).

*Id*. at p. 333.

The United States Supreme Court in *Walker v. Armco Steel Corp.*, 447 U.S. 740 (1978), considered the issue of whether in a diversity action the federal court should follow state law or, alternatively, Rule 3 of the Federal Rules of Civil Procedure, in determining when an action is commenced for the purpose of tolling the state statute of limitations. Oklahoma state law provided that if a complaint is filed within a limitations period, the plaintiff must serve the defendant within 60 days of the date of filing in order to toll the statute of limitations. The Supreme Court found that there was no direct conflict between the Federal Rule and the state law:

> Rule 3 simply states that "[a] civil action is commenced by filing a complaint with the court." There is no indication that the Rule was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations. In our view, in diversity actions Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run but does not affect state statutes of limitations.
>
> In contrast to Rule 3, the Oklahoma statute is a statement of a substantive decision by that State that actual service on, and accordingly actual notice by, the defendant is an integral part of the several policies served by the statute of limitations. [ ] The statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim. A requirement of actual service promotes both of those functions of the statute. [ ] It is these policy aspects which make the service requirement an "integral" part of the statute of limitations [ ] in this case [ ] As such, the service rule must be considered part and parcel of the statute of limitations.

5

> Since there is no direct conflict between the Federal Rule and the state law, the *Hanna* [*v. Plumer*, 380 U.S. 460 (1965)] analysis does not apply. Instead, the policies behind *Erie* and *Ragan* [*v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530 (1949)] control the issue whether, in the absence of a federal rule directly on point, state service requirements which are an integral part of the state statute of limitations should control in an action based on state law which is filed in federal court under diversity jurisdiction. [ ] *There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants*. The policies underlying diversity jurisdiction do not support such a distinction between state and federal plaintiffs, and *Erie* and its progeny do not permit it.

*Id*. at 753 (emphasis added).

Likewise, and for the same reasons, there is no direct conflict between LA. CIV. CODE ART. 3462 and 28 U.S.C. § 1631. In diversity actions, § 1631 governs the date from which various timing requirements of the federal rules begin to run but does not apply to state statutes of limitations.

The Court turns, then, to whether article 3462 applies under *Erie*.

The Fifth Circuit has explained:

> The black letter rule of *Erie* is that federal courts "apply state substantive law and federal procedural law." *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir.2008) (citing *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 426–27 (1996)). As courts have discovered, however, "[c]lassification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a challenging endeavor." *Gasperini,* 518 U.S. at 427. Accordingly, the Supreme Court has set forth a number of touchstones to consider. *See, e.g., Gasperini*, 518 U.S. at 427; *Hanna*, 380 U.S. at 471; *Byrd v. Blue Ridge Rural Elec. Coop., Inc*., 356 U.S. 525, 538–39 (1958); *Guaranty Trust Co. v. New York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

*All Plaintiffs*, 645 F. 3d at 335.

The "outcome determination" test, which has provided the foundation for most subsequent analyses, was set forth in *Guaranty Trust Co. v. New York*:

> The question is whether [the state law] concerns merely the manner and the means by which a right to recover, as recognized by the State, is enforced, or whether [it] is a matter of substance in the aspect that alone is relevant to our problem, namely, does it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court?

326 U.S. at 109.

In *Hanna*, the Supreme Court further refined its test, instructing courts to look to the "twin aims" of *Erie*: "discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Hanna*, 380 U.S. at 468; *see also Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003). As the Supreme Court has made clear, the "twin aims" analysis does not supplant the "outcome determination" test, but rather is intended to qualify that test and guide its application, so that the "outcome determination" inquiry is not "applied mechanically to sweep in all manner of variations." *Gasperini*, 518 U.S. at 428.

This Court finds that, with regard to the "twin aims test," permitting federal courts to disregard the second sentence of article 3462, while state courts are required to follow it, would lead to the inequitable administration of justice.

Under the outcome-determinative test and considering the "twin aims" of the *Erie* doctrine, the Court finds that article 3462 is a substantive statute that is part of the substantive law of Louisiana. "State statutes of limitations, as well as 'integral part[s]'of the statutes of limitations like tolling and equitable estoppel, are treated as substantive for the purposes of the *Erie* doctrine." *Bradley v. P N K (Lake Charles), LLC*, 2:18-CV-1004, 2018 WL 7107607, *2 (W.D. La. Dec. 28, 2018) (*quoting Hollander v. Brown*, 457 F.3d 688, 694 (7th Cir. 2006); *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980)).

As the Supreme Court stated in *Guaranty Trust*:

> Plainly enough, a statute that would completely bar recovery in a suit if brought in a State court bears on a State-created right vitally and not merely formally or negligibly. As to consequences that so intimately affect recovery or non-recovery a federal court in a diversity case should follow State law.

*Guaranty Trust*, 326 U.S. at 110; s*ee also Hensgens v. Deere & Co*., 869 F.2d 879, 880 (5th Cir. 1989) ("[i]n diversity cases ... federal courts apply state statutes of limitations and related state law governing tolling of the limitation period"); *Abdul–Alim Amin v. Universal Life Insurance* Co., 706 F.2d 638, 640 (5th Cir. 1983) ("[i]n this diversity action, the Louisiana prescriptive period is controlling"); *Reed v. Reed*, 883 F. Supp 107, 109 (W.D. La. 1995) ("[i]n diversity cases, federal courts apply state statutes of limitations and related state law governing the tolling of the limitations period"); *Davis v. Johns-Mansville Products*, 766 F. Supp. 505, 508 (E.D. La. 1991) ("[i]ssues concerning state statutes of limitations are considered substantive for purposes of an Erie analysis").

As indicated above, the black letter rule of *Erie* is that federal courts apply state substantive law and federal procedural law. The one-year prescriptive period required by LA CIV. CODE ART. 3462 is substantive law, and there is no question that Franco failed to serve Mabe during that time period. Therefore, there was no interruption of prescription.

Based on this review of the relevant law, this Court concludes that Franco's claim is untimely.

### III.  CONCLUSION

For the foregoing reasons, the Motion to Reconsider Ruling on Defendants' Motion for Summary Judgment (styled "Defendants' Pretrial Memorandum Regarding an Outstanding Issue of Law") [Doc. No. 174] filed by Defendants Mabe Trucking Co., Inc., Richard Agee, and National Interstate Insurance Company is **GRANTED**. Plaintiff David Franco's ("Franco") claim is **DISMISSED WITH PREJUDICE** as untimely.

Monroe, Louisiana, this 9th day of April, 2019.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**TERRY A. DOUGHTY**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**